UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.    1:05-cr-0133-01 (M/B) |
| | ) | |
| DERRICK PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Larry J. McKinney, Judge, on August 26, 2010, designating this Magistrate Judge

to conduct  hearings on the Petition for Summons or Warrant for Offender Under Supervision filed

with the Court on July 12, 2010, and to submit to Judge McKinney proposed Findings of Facts and

Recommendations for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).  All proceedings

were held August 26, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal*

*Rules of Criminal Procedure.*  Mr. Phillips appeared in person and with his appointed counsel, Bill

Dazey, Office of the Indiana Federal Community Defender.  The government appeared by Doris

Pryor, Assistant United States Attorney.  Mike Burress, U. S. Parole and Probation officer, appeared

and participated.

The Court conducted the following procedures in accordance with  Rule 32.1 of the *Federal*

*Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.  That Bill Dazey, Office of the Indiana Federal Defender, was appointed to represent Mr. Phillips in regard to the pending Petition for Revocation of Supervised Release.

2.  A copy of the Petition for Revocation of Supervised Release was provided to Mr. Phillips and his counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3.  Mr. Phillips was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.  Mr. Phillips was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.  Mr. Phillips was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.  Mr. Phillips was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Phillips had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered on August 26, 2010.

7.  Mr. Dazey stated that Mr. Phillips desired to waive the preliminary examination and proceed to the revocation phase of the proceedings.  Mr. Phillips then waived the preliminary hearing  in writing and was held to answer.

8.  Mr. Dazey stated that Mr. Phillips would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition, with the exception of specification of violation numbered 1.

9.  The parties stated in open Court:

(1)  That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Phillips's supervised release in open Court that date.

(2)  That both the government and Mr. Phillips agreed that defendant committed the specifications of violations numbered 2, 3 and 4.  The government moved to strike violation numbered 1 of the Petition.  The Court **GRANTED** same.  The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall reside for a period up to 6 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
| | On April 7, 2010, the Court ordered the offender's conditions of supervised release to be modified to include a placement up to 6 months at the Volunteers of America.  On June 17, 2010, the offender left the facility without permission and failed to return. |
| 3 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | The offender failed to provide monthly report forms from March through July, 2010. |
| 4 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | The offender submitted urine samples on February 22, February 25, February 28, March 5, March 10, March 11, March 23, March 29, April 6, April 12, April 21, April 28, May 5, May 10, May 12, 2010, that tested positive for marijuana. |

– 3 –

The Court placed Mr. Phillips under oath and directly inquired of Mr. Phillips whether he admitted violations of the specifications of his supervised release set forth above. Mr. Phillips stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Phillips has a relevant criminal history category of VI. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Phillips constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Phillips is 8-14 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Phillips's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day. Further, upon release from confinement, Mr. Phillips will not be subject to supervised release.

5) Mr. Phillips is to begin service of his sentence immediately.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulation.

Mr. Phillips's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months and one day. The service of the sentence shall begin immediately. At the conclusion of Mr. Phillips's term of confinement, he shall

not be subject to supervised release.  The Court recommends that the defendant be designated to a correctional facility with the lowest security level nearest to Indianapolis, Indiana.

The Magistrate Judge requests that Ross Carothers, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney,  District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Phillips stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Phillips entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3583 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Phillips's supervised release and the sentence imposed of imprisonment of 12 months and one day in the custody of the Attorney General or his designee. Further, that upon Mr. Phillips's release from confinement, he will not be subject to supervised

release.  It is recommended that the defendant serve his sentence at a correctional facility with the

lowest security level nearest Indianapolis, Indiana.

　　　　　IT IS SO RECOMMENDED this 31st day of August, 2010.


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Kennard P. Foster, Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　　Southern District of Indiana


Distribution:

Doris Pryor,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal